**Opinion filed March 23, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00287-CV

_____

## IN THE INTEREST OF I.H., A CHILD

---

### On Appeal from the 326th District Court
### Taylor County, Texas
### Trial Court Cause No. 10513-CX

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of I.H. The father filed this appeal. On appeal, he presents one issue in which he challenges the trial court's finding that the termination of his parental rights would be in I.H.'s best interest. We affirm the order of the trial court.

### I. *Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West 2022). To terminate parental

rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.* In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (E) and (O). Appellant does not challenge these findings on appeal.

The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child. *See id.* § 161.001(b)(2). In his sole issue on appeal, Appellant challenges both the legal and factual sufficiency of the evidence to support the trial court's best interest finding.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the

programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

## II. *Evidence and Analysis*

The record shows that the Department of Family and Protective Services became involved with I.H. shortly after her birth—when she tested positive for methamphetamine. I.H.'s mother tested positive for marihuana and methamphetamine. As a result of these drug test results, the Department removed I.H. from her parents' care. Not long thereafter, Appellant also tested positive for methamphetamine.

After I.H. was removed, Appellant was ordered by the trial court to comply with the requirements set forth in his family service plan. The family service plan required that Appellant complete a substance abuse assessment, submit to random drug tests as requested by the Department, submit to a psychological evaluation, attend counseling, successfully complete parenting classes, regularly visit the child, and maintain legal employment. Appellant participated in some services but did not successfully comply with the requirements of his service plan.

Furthermore, Appellant continued to test positive for methamphetamine while this case was pending in the trial court. Six months prior to trial, Appellant's hair-follicle test revealed methamphetamine at a level of 33,789 pg/mg. Three months later, Appellant's hair-follicle test revealed methamphetamine at a level of 82,491 pg/mg. The level of methamphetamine, and the fact that the level increased

3

drastically just three months prior to the commencement of trial, is particularly concerning when considering the return of I.H. to Appellant.

The record shows that Appellant had prior history with the Department: he and other members of his family physically assaulted a family member's child to such an extent that the child required hospitalization. The child had ligature marks around his neck, a black eye, and kick marks on his back, chest, and abdomen. During the Department's investigation of the incident, Appellant admitted that he had "hit the child in the head with a log." The record also shows that domestic violence occurred between Appellant and I.H.'s mother and that Appellant was the aggressor.

Also concerning was Appellant's behavior during the supervised visitation with I.H. Although Appellant regularly attended visitation when allowed to do so, he was often confrontational and argumentative—even while holding I.H. in his arms. The police were summoned multiple times to Appellant's visitation. The permanency case manager acknowledged, however, that there was no question that Appellant loves I.H. and that he had developed a bond with her.

Appellant testified that he loved his daughter and would never let anything happen to her. Appellant believed, and expressed his belief quite emphatically, that it would be in I.H.'s best interest for her to be returned to and raised by her family, specifically Appellant or his mother.

The Department's plan for I.H. was for her to remain in the care of her foster parents—with whom I.H. had been placed since she was released from the hospital after her birth. The foster parents wish to adopt I.H. if she becomes available for adoption, and they have provided I.H. with a safe and stable home. The permanency case manager testified that I.H. was "doing great" there and was bonded to her foster family. The permanency case manager also testified that it would be in I.H.'s best interest for Appellant's parental rights to be terminated.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503.  We are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573.  Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of I.H.  *See Holley*, 544 S.W.2d at 371–72.  Upon considering the record as it relates to the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's continued drug use, and Appellant's erratic and violent behavior, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of I.H. *See id.*  We defer to the trial court's finding as to I.H.'s best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's finding as to best interest is not supported by clear and convincing evidence.  Accordingly, we overrule Appellant's sole issue.

### III.  *This Court's Ruling*

We affirm the order of the trial court.


BRUCE WILLIAMS
JUSTICE


March 23, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.